

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   SEP 16 2002

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LAYMON ADAMS**                                CIVIL ACTION

versus                                          NO. 02-1059

**CHARLES FOTI, JR., DR. RICHARD INGLESE,
DR. M. DAVIDSON, DR. M. SELODYNIS,
DR. DWIGHT MCKENNA, DR. MARVEZ,
DR. ANDREWS, DR. SAMUEL GORE,
PAUL THOMAS, R.N., J. HAMPTON, R.N.,
BEVERLY VICTORIAN, L.P.N., and
J. HAWKINS, L.P.N.**                            SECTION:  "A" (1)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDED COMPLAINT**

Plaintiff Laymon Adams repeats and re-alleges each and every allegation of the petition he filed in the Civil District Court for Orleans Parish and removed to this Court, and adopts them herein as if copied *in extenso*.

Adams respectfully amends and supplements the petition for damages in the following respects:

Plaintiff amends and supplements paragraph I as follows:

I.

**DEFENDANTS**

1. Defendant **SHERIFF CHARLES C. FOTI** is a person of the

full age of majority and a resident of the Eastern District of Louisiana. At all times described herein, he was the Criminal Sheriff of Orleans Parish and as such, was and is responsible for the hiring, training, supervision, discipline and control of the deputies under his command, as well as medical personnel and other health care providers treating persons in his custody. Foti is also responsible for the supervision, administration, policies, practices, customs and operations of the Orleans Parish Criminal Sheriff's Office (OPSCO) and its correctional facilities. Foti is a final policymaker, and is sued in his individual and official capacities. He is liable both directly and vicariously for the actions complained of herein.

2. Defendant **DR. RICHARD D. INGLESE** was and is the Medical Director of the Orleans Parish Criminal and is an employee of the defendant Sheriff Foti. At all times pertinent herein Inglese was the on-site Health Authority for OPCSO and was responsible for the provision of medical care to persons incarcerated in OPCSO facilities, both directly and as a supervisor. He was responsible for recommending and hiring qualified health care professionals and staff, insuring adequate staffing for the medical needs of prisoners and for the supervision, training and monitoring of personnel and medical services at OPCSO correctional facilities to insure access of prisoners to reasonable and adequate health care. Inglese was and

is responsible for supervision the development, reviewing and revising of policies, procedures and practices of the Medical Program and is a final policymaker with regard to the provision of medical services to persons in the custody of the OPCSO. He was and is responsible for providing and supervising direct patient care to Laymon Adams at the time of Adams' incarceration at the OPCSO in December, 2000. Inglese is sued in his individual and official capacities. He is person of the full age of majority and, on information and belief, is a resident of the Eastern District of Louisiana.

3. Defendants **DR. M. DAVIDSON, DR. M. SELODYNIS, DR. DWIGHT MCKENNA, DR. MARVEZ, DR. ANDREWS, DR. SAMUEL GORE,** are physicians employed by defendant Sheriff Foti and the OPCSO who provided medical services to Laymon Adams during his confinement at the OPCSO in 2000 and 2001. They are persons of the full age of majority and on information and belief are residents of the Eastern District of Louisiana. They are being sued in their individual and official capacities.

4. Defendant **PAUL THOMAS** was and is the Director of Nursing (DON) at all times pertinent herein and an employee of defendant Foti and OPCSO. He was responsible for the supervision and coordination of nursing services, including coordinating physician/nursing sick call and follow-up care. He was and is responsible for insuring that appropriate nursing care is given to

person housed in the Medical Observation Unit (MOU) of the OPCSO, including Laymon Adams.  Thomas is a person of the full age of majority, is sued in his individual and official capacities, and on information and belief is a resident of the Eastern District of Louisiana.

      5.    Defendants **J. HAMPTON, R.N., BEVERLY VICTORIAN, L.P.N., J. HAWKINS, L.P.N.** were each employees of defendant Sheriff Foti in the position of  registered nurse (R.N.) and/or licensed practical nurses (L.P.N.) at all times pertinent herein, and were responsible for triage, performing nurse sick call for inmates in the custody of the OPCSO, including follow-up paperwork and notification necessary for continuity of inmate care, performance of medical treatments and procedures as ordered, and producing and maintaining accurate and legible documentation of all treatments and procedures. They were each responsible for monitoring the medical condition, health and safety of Laymon Adams, and providing nursing care to him while he was housed in the MOU of OPCSO, including conducting and accurately reporting regular, periodic observations, insuring that his fractured ankle received adequate cleansing and dressing and appropriate medical attention.  The each had authority to make regular and periodic inquiries relative to the cleansing, dressing and medication of Laymon Adams, and to insure that he received appropriate medical treatment for his diabetic condition and his injured ankle.  Each of these defendants

is a person of the full age of majority, are being sued in their individual and official capacities, and is a resident of the Eastern District of Louisiana.

Plaintiff amends and supplements paragraph VIII. as follows:

VII.

Defendants Andrews and Hawkins were the responsible parties who assigned Laymon Adams to the MOU and authorized the transfer of him to the MOU.

Plaintiff amends and supplements paragraph X. as follows:

X.

Defendants Davidson, Inglese and Victorian, as well as McKenna and Chief Rudy, knew that Adams was scheduled for continued treatment of his fractured ankle at the Medical Center of Louisiana at New Orleans (MCLNO); yet they denied access to those medical practitioners qualified in orthopedic medicine to address Adams' problem. They failed to maintain compliance with the medical regimen ordered by the primary treating physician at the MCLNO. The failure to facilitate the ongoing monitoring, medical supervision, and orthopedic specialty oversight, particularly given Adams' history of diabetes and injury, was a cause of the below-the-knee amputation (BKA) that Adams underwent at the MCLNO in January, 2001.

Plaintiff amends and supplements paragraph XIV. as follows:                     XIV.

Defendants McKenna, Hampton, and another nurse were made aware of the seepage from the pins around Adams' wounds at this time, and failed to take the necessary medical steps to remedy the situation.

Plaintiff amends and supplements paragraph XXIX as follows:                     XXIX.

The conduct of defendants **CHARLES FOTI, JR., DR. RICHARD INGLESE, DR. M. DAVIDSON, DR. M. SELODYNIS, DR. DWIGHT MCKENNA, DR. MARVEZ, DR. ANDREWS, DR. SAMUEL GORE, PAUL THOMAS, R.N., J. HAMPTON, R.N., BEVERLY VICTORIAN, L.P.N., and J. HAWKINS, L.P.N.,** in executing the policy of Foti, constituted negligence and deliberate indifference to Adams' serious medical needs, all of which have been set out in the petition for damages, and which are evidence in the records of the MCLNO and OPCSO.

Plaintiff amends and supplements paragraph XXXI as follows:                     XXXI.

This action is brought pursuant to 42 U.S.C §§ and pursuant to the First, Fourth, sixth, Eighth and Fourteenth Amendments and Article IV (Privileges and Immunities Clause) of the United States Constitution. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343 of the aforementioned statutory and constitutional provisions. Plaintiff invokes the supplemental

jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to consider claims arising under Louisiana state law.

Plaintiff amends and supplements his petition by adding the following paragraphs:

XXXII.

Defendants Sheriff Foti, Dr. Inglese, Paul Thomas (DON), acting in individually and collectively, established, condoned and encouraged customs, policies, patterns, and practices which directly and proximately caused the deprivation of the civil and constitutional rights of Laymon Adams as alleged herein and in the petition for damages, and the damages and injuries as described.

These written and unwritten policies, customs, practices, and patterns included, *inter alia*:

1. Inadequate, improper and unreasonable treatment, monitoring and supervision of serious medical and psychiatric needs of persons in custody.

2. Inadequate and unreasonable sick call and referral procedures relative to the serious medical and psychiatric needs of persons in custody.

3. Inadequate and unreasonable follow-up and on-site medical and psychiatric staffing and coverage.

4. Hiring of inadequately trained and inexperienced persons to render medical and psychiatric treatment to persons in custody.

5. Inadequate training, supervision and discipline of medical personnel responsible for furnishing medical and psychiatric treatment and services to persons in custody.

6. Inadequate hiring, training, supervision and discipline deputies and supervisors in the observation and monitoring and communication to appropriate personnel the serious medical needs of prisoners.

7. A pattern and practice of deputies and medical personnel ignoring prisoners' requests and needs for medical and/or psychiatric attention so that prisoners serious medical needs are frequently ignored and, in those instances where medical and/or psychiatric treatment is ultimately obtained, it is often unreasonably delayed and inadequate to the medical and psychiatric needs of the prisoners, causing serious, pain, suffering, and frequently permanent injury and death.

8. Inadequate quality control policies, procedures and practices, inadequate critical incident review and inadequate identification and correction of serious deficiencies in policy and practices affecting the delivery quality of medical and psychiatric services.

### XXXIII.

In addition to the injuries sustained by Laymon Adams, including the loss of his leg below the knee, the deliberate indifference of defendants Foti and Inglese to the serious medical

needs of prisoners in their custody has resulted in numerous instances of other prisoners sustaining serious and oftentimes fatal injuries and illnesses, including but unlimited to the following cases:

1. Joanne Johnson died April, 1999 of **DIABETIC KETOACIDOSIS** due to failure to receive proper insulin dosage and monitoring while in custody.

2. Keiwine Warren died August, 1998 from a massive infection caused by an untreated **PERFORATED ULCER.** Despite more than four (4) days of begging to see a physician, Mr. Warren was not seen by a doctor until he collapsed in his cell and stopped breathing. The LPN who saw him several hours before his collapse failed to take his vital signs, which would have revealed his serious medical condition and need for immediate treatment.

3. Ruth Ann Milazzo died November, 1996 of **DIABETIC KETOACIDOSIS** due to failure to receive proper insulin dosage and medical care while in custody.

4. Katherine Hoard died in 1992. She was a medically fragile with serious illnesses who was confined in the jail rather than being transferred to a hospital or receiving essential medication at the MOU of OPCSO.

5. Giselle Jenkins, in July, 1998 suffered **PERMANENT PARALYSIS** as a result of seizures caused by denial of proper

medication and medical treatment while in custody.

6. Mark McAdams, between 1992 and 1993, suffered a **RUPTURED APPENDIX** and nearly died due to failure of medical or correctional personnel to respond to numerous requests for medical treatment.

### XXXIV.

At all times pertinent herein, defendants Sheriff Foti, Inglese, Thomas acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of life and safety of Laymon Adams. The actions and omissions of these defendants were malicious, willful, wanton and reckless.

### XXXIV.

Plaintiff Laymon Adams further alleges that such acts and omissions alleged herein and in his petition for damages were the cause-in-fact and proximate cause of the loss of his leg and the injuries suffered because of these defendants.

### SUPPLEMENTAL JURISDICTION STATE LAW CLAIMS

### XXXV.

At all times pertinent times the defendant employees of the OPCSO were acting in the course and scope of their employment and the Sheriff Foti is vicariously liable for the injuries and damages cause as a result of their acts and omissions.

XXXVI.

The defendant medical director Richard Inglese, the defendant director of nursing Paul Thomas, the defendant physicians **DR. M. DAVIDSON, DR. M. SELODYNIS, DR. DWIGHT MCKENNA, DR. MARVEZ, DR. ANDREWS, DR. SAMUEL GORE,** and defendant nurses **J. HAMPTON, R.N., BEVERLY VICTORIAN, L.P.N., J. HAWKINS, L.P.N.** each acted and/or failed to act properly in derogation of their duties as medical professionals and their treatment of Laymon Adams fell below the standard of care in the community.

XXXVII.

The defendants Sheriff Foti, Dr. Inglese, and Director of Nursing Paul Thomas are liable for the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling and condoning the commission of the acts and omissions described herein, by their failure to administer, organize, staff and discipline properly the medical program and for their failure to screen, hire, train, supervise and discipline properly persons under their supervision and control whose acts and omissions contributed to the amputation of Laymon Adams' leg below the knee.

XXXVIII.

The employees of defendant Sheriff Foti and the OPCSO, acting in the course and scope of their employment and for whom Foti is vicariously liable, violated the Louisiana Constitution guarantees of the rights to due and equal protection.

XXXIX.

All these defendants are liable individually, jointly and severally for their acts and omissions as alleged herein, which acts and omissions were the cause-in-fact and proximate cause of injuries sustained by Laymon Adams.

**DAMAGES**

XL.

Laymon Adams has suffered the following damages as a result of the acts and omissions of the defendants:

1. Conscious and severe physical, mental and emotional pain and suffering;
2. Permanent loss of the use of his leg;
3. Loss of income and the ability to earn money; and
4. Inconvenience, embarrassment, humiliation.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff **LAYMON ADAMS** prays that after due proceedings there be judgment rendered in his favor against all defendants individually, severally, jointly, and *in solido* as follows:

1. Compensatory damages in the amount of $850,000.00;
2. Punitive damages against defendants Sheriff Foti, Dr. Inglese, and Director of Nursing Paul Thomas;

3. Reasonable attorneys fees, all costs of these proceedings and legal interest; and

4. All other relief that this Honorable Court deems just, proper and appropriate.

RESPECTFULLY SUBMITTED,

BY: *Reginald P. Laurent*
REGINALD J. LAURENT, #17683
Mailing:  3843 Coventry St.
          Slidell, LA  70458
          (504) 847-1657
          fax  847-2599